UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM ORTIZ,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.

---

Index No.: 08 Civ. 2210 (JSR) (DF)

ANSWER OF DEFENDANT,
UNITED PARCEL SERVICE, INC.

    United Parcel Service, Inc. ("UPS"), improperly identified as United Parcel Service, for its Answer to the Complaint of Plaintiff, William Ortiz ("Ortiz" or "Plaintiff"), states as follows:

## Section I
## Parties in This Complaint

    A.    UPS lacks sufficient information to determine the truth or falsity of the allegations set forth in Section I(A) of the Complaint and therefore, all allegations are denied.

    B.    UPS admits that it is a corporation registered and existing under the laws of the State of Delaware and authorized to conduct business in the State of New York.

## Section II
## Basis for Jurisdiction

    To the extent that UPS shipped the package at issue in this case, any claims related to the loss of or damage to said package are preempted by federal law, *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) & (c) *et seq.*, the federal common law, and/or the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A).

- 2 -

## Section III

## Statement of Claim

1. UPS lacks sufficient information to determine the truth or falsity of the allegations set forth in the First Sentence of Section III of the Complaint and therefore, all allegations are denied.

2. UPS delivers over 15 million packages a day. As the Complaint does not set forth a confirmed shipper name, date of shipment and/or tracking number necessary to investigate whether UPS shipped the package alleged in the Complaint, UPS is unable to determine the truth or falsity of the allegations set forth in the Second Sentence of Section III of the Complaint. Therefore, all allegations are denied.

3. UPS lacks sufficient information to determine the truth or falsity of the allegations set forth in the Third Sentence of Section III of the Complaint and therefore, all allegations are denied.

## Section IV
## Injuries

UPS lacks sufficient information to determine the truth or falsity of the allegations set forth in the Section IV of the Complaint and therefore, all allegations are denied.

## Section V
## Relief

1. UPS denies the allegations set forth in the First Sentence of Section V of the Complaint.

2. UPS denies the allegations set forth in the Second Sentence of Section V of the Complaint.

3. UPS denies the allegations set forth in the Third Sentence of Section V of the Complaint.

Without admitting or acknowledging that it bears the burden of proof as to any of them, UPS asserts the following affirmative defenses:

## AFFIRMATIVE DEFENSES

### 1.

### Failure to State A Claim

The Complaint fails to state a cause of action upon which relief can be granted.

### 2.

### Federal Preemption

Some or all of Plaintiff's causes of action are preempted by federal law, *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) & (c) *et seq.*, the federal common law, and/or the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A).

### 3.

### Lack of Standing

In its Complaint, Plaintiff does not allege that it entered into a contractual relationship with UPS to ship the subject package. Absent such relationship, Plaintiff lacks standing to raise a claim against UPS. See 49 U.S.C. § 14706(a)(1); *Pennsylvania R.R. v. Olivit Bros.*, 243 U.S. 574 (1917).

4.

**Failure to Provide Shipping Information**

UPS delivers over 15 million packages a day. As Plaintiff has not provided the shipper name, date of shipment and/or or tracking number, UPS cannot verify that the subject package was shipped via UPS.

5.

**Limitation of Liability**

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), Plaintiff's recovery, if any, is limited to a maximum of the released or declared value of the subject shipment or, in the absence of a released or declared value, $100.

6.

**Estoppel**

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), plaintiff is estopped from denying that the maximum liability assumed by UPS for each package or letter shipped shall not exceed $100 (one hundred dollars).

### 7.

### No Consequential Damages

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), UPS cannot be held liable for special, incidental or consequential damages.

### 8.

### Acts of Others

Any damage and/or loss alleged to have been sustained by the Plaintiff were caused by negligent, intentional or other acts or omissions by third parties, agencies, persons, entities for whom UPS is not responsible.

### 9.

### Acts of the Shipper

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), Plaintiff's claims are barred because they are the result of causes beyond UPS's control including, but not limited to, an act or omission of the shipper.

### 10.

### Shipper's Responsibility to Ensure Proper Packaging

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), the shipper is solely responsible for ensuring

LEGAL02/30769820v1

that proper packaging is used and that contents of packages are adequately and securely packed, wrapped and cushioned for transportation.

### 11.

### Plaintiff's Own Acts

Any damages and/or loss alleged to have been sustained by the Plaintiff's own conduct.

### 12.

### Items Prohibited from Shipping

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable shipping documents, the UPS General Tariff, and the UPS Rate and Service Guide), UPS is not liable for loss of or damage to items that UPS does not accept or that shippers are prohibited from shipping.

### 13.

### Waiver

Plaintiff's claims are barred by the doctrine of waiver.

### 14.

### Laches

Plaintiff's claims are barred by the doctrine of laches.

**15.**

**Reservation of Rights to Assert Additional Defenses**

To date, UPS has not been provided with the shipper name, date of shipment and/or or tracking number needed to determine whether UPS shipped the subject package. To the extent that such information is provided by any party, UPS reserves the right to assert additional defenses to the claims asserted with the Complaint.

Dated: April 17, 2008

ALSTON & BIRD LLP

By: _Judy Amorosa_ (JA4027)
Karl Geercken, Esquire
Judith Amorosa, Esquire
90 Park Avenue
New York, New York 10016
(212) 210-9400
Attorneys for Defendant,
United Parcel Service, Inc.

To:   William Ortiz
      #19003-054
      F.C.I. Otisville
      P.O. Box 1000
      Otisville, NY 10963